**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Eric Dickner</u>

    v.                                              Civil No. 07-cv-120-PB

<u>Governor of New Hampshire, and</u>
<u>United States Marshal for the</u>
<u>District of New Hampshire</u>

**<u>O R D E R</u>**

Before the Court is Eric Dickner's petition for a writ of error coram nobis (document no. 1)[1].  Because Dickner is filing pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the petition states any claim upon which relief might be granted. <u>See</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d).

As discussed in the Report and Recommendation issued simultaneously with this Order, Dickner is directed to immediately amend his complaint to include all of the claims that

---

[1] For reasons fully explained in my Report and Recommendation issued simultaneously with this Order, I construe Dickner's filing as a petition for a writ of habeas corpus challenging the constitutionality of his confinement pursuant to his involuntary civil commitment.

he seeks to pursue in his federal habeas corpus petition. Dickner may then, if any of his claims are unexhausted, immediately request a stay of this matter, which will be granted.

Dickner is then instructed to amend his petition to demonstrate exhaustion of each of the federal claims, including the federal nature of the claims, raised in his petition. If the matter is stayed so that Dickner can complete exhaustion in the state courts, he must commence state court action to exhaust his claims within thirty days from the date of the order staying this action.

Dickner is directed to notify this Court of the status of his State court proceedings every ninety days during the pendency of the stay of this action. Once the New Hampshire Supreme Court has reached a final decision on his claims, Dickner must amend his petition to notify this Court of that decision. Dickner's amended petition should include documentation, such as motions, petitions, notices of appeal, briefs, or other pleadings demonstrating that the federal issues presented here were in fact presented to the State courts for consideration. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds

supporting the habeas petition had been presented for review in the State courts)

Any failure to amend the petition or to provide notice to this Court of the status of his State court proceedings as directed in this Order, may result in the dismissal of the petition for failure to demonstrate exhaustion.  Any such dismissal would be without prejudice as it would be procedural and not based on the merits of Dickner's claims. See Slack v. McDaniel, 529 U.S. 473 (2000).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    September 28, 2007

cc:      Eric Dickner, pro se